IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHI GUILIN, | ) | 1:09-cv-01865-JLT HC |
| | ) | |
| | ) | ORDER TO GRANT RESPONDENT'S |
| | ) | MOTION TO DISMISS PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS |
| | ) | FOR MOOTNESS (Doc. 9) |
| | ) | |
| Petitioner, | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT AND CLOSE FILE |
| v. | ) | |
| | ) | NO CERTIFICATE OF APPEALABILITY |
| | ) | IS REQUIRED |
| ERIC H. HOLDER, JR., | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

    Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On November 12, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 3).

    Petitioner originally filed documents with this Court on October 23, 2009. (Doc. 1). At the time of filing of the petition, Petitioner was in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). In the petition, Petitioner, a native of China and presently subject to a final order of removal, alleges that his detention pursuant to 8 U.S.C. § 1231(a)(2) is indefinite and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth

Amendment of the United States Constitution. (Doc. 1, p. 2). Petitioner also asserts that his detention is in violation of Respondent's statutory authority. (Id., p. 5).

After an initial screening, the Court concluded that, if proven, Petitioner's allegations might require that the petition be granted and that Petitioner be released from Respondent's custody. Accordingly, on December 18, 2009, the Court issued Respondent an Order to Show Cause why the petition should not be granted and required Respondent to file a response within forty-five days. (Doc. 4). On February 1, 2010, Respondent filed his response, arguing that the petition should be denied on its merits. (Doc. 7).

On May 24, 2010, before the Court could issue a decision on the merits of the petition, Respondent filed the instant motion to dismiss, contending that Petitioner has been released from ICE custody and therefore the petition is moot and the case should be dismissed. (Doc. 8).

**DISCUSSION**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Habeas corpus proceedings pursuant to § 2241 remain available as a forum for statutory and constitutional challenges to the authority of the Attorney General to order post-removal-period detention; in such a proceeding, the petitioner is not seeking review of the Attorney General's exercise of discretion, but rather is challenging the extent of his authority to detain under the statute, which is not a matter of discretion. Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001); Magana Pizano v. Immigration and Naturalization Service, 200 F.3d 603, 608-09 (9th Cir. 1999). Accordingly, the Court has subject matter jurisdiction over this action.

Respondent contends that the instant petition is moot because Petitioner has been released from ICE custody. The Court agrees.

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The

Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937).

In the instant case, the only issue properly before this Court is the constitutionality of Petitioner's ongoing detention by Respondent[1] and the only relief which the Court could afford to Petitioner in these proceedings would be an order releasing Petitioner from Respondent's custody, should the Court determined that his continued detention by ICE indeed was unlawful. The record now before the Court establishes that Petitioner was released from Respondent's custody on March 3, 2010. (Doc. 8, Ex. 1). Accordingly, there is no further relief that the Court can afford Petitioner, and therefore the petition is moot. Hence, Respondent's motion to dismiss for mootness will be GRANTED and the petition will be DISMISSED for failure to state a claim.

**ORDER**

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Respondent's Motion to Dismiss (Doc. 8), is GRANTED;

2. The Petition for Writ of Habeas Corpus (Doc. 1), is DISMISSED for failure to state a claim as it is now MOOT;

3. The Clerk of the Court is DIRECTED to enter judgment and close the file.

4. No certificate of appealability is required for a petition brought under 28 U.S.C. § 2241.

IT IS SO ORDERED.

Dated:   **May 26, 2010**                                            **/s/ Jennifer L. Thurston**
                                                                                       UNITED STATES MAGISTRATE JUDGE

---

[1] On May 11, 2005, Public Law 109-13 was enacted. Section 106 of that law (i.e., "RIDA"), is entitled "Judicial Review of Orders of Removal." Section 106 amends 28 U.S.C. § 1252, providing in pertinent part as follows: "Notwithstanding any other provisions of law (statutory or non-statutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision...<u>a petition for review filed in an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered</u> or issued under any provision of this Act, except as provided in subsection (e)...."(Emphasis supplied.)
    The plain language of Section 106 thus divests the federal district court of jurisdiction in habeas corpus cases involving challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the district in which the removal order was issued. Thus, unlawful detention is the only issue this Court has jurisdiction to consider under RIDA.